IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01391-BNB

LISA L. GALLEGOS,
    Plaintiff,

v.

VEOLIA TRANSPORTATION,
    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Lisa L. Gallegos, filed *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a Title VII Complaint (ECF No. 1). She was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On May 31, 2013, the Court ordered Ms. Gallegos to file within thirty days an amended Title VII Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and attached a copy of the notice-of-right-to-sue letter she alleged she received on May 10, 2013, if available. On June 26, 2013, Ms. Gallegos filed an amended Title VII Complaint (ECF No. 5).

The Court must construe the amended Title VII Complaint liberally because Ms. Gallegos is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Gallegos will be ordered to file a second amended Title VII complaint.

Ms. Gallegos fails to clarify whether she has exhausted administrative remedies. The "Determination" she attaches to the amended Title VII Complaint (ECF No. 5 at 9-15) and which she apparently received on May 10 is not a notice-of-right-to-sue letter received from the Equal Employment Opportunity Commission (EEOC), which she was requested to file, if available. *Id.* at 2; *see also* ECF No. 4 at 2. Rather, the "Determination" instructs her as to the next steps to take in order to challenge the Colorado Civil Rights Division's dismissal of her claims. *See* ECF No. 5 at 9-14.

To bring a claim under Title VII, a claimant must exhaust his or her administrative remedies as to each claim of discrimination or retaliation. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII). The first step to exhaustion is the filing of a charge of discrimination with the EEOC. *See Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir.1996) (noting that the EEOC filing is a jurisdictional requirement). The purposes of the administrative exhaustion requirement are: "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), *abrogated on other grounds*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.2003). An EEOC charge must contain facts that would prompt an investigation into the claim at issue. *Jones v. UPS*, 502 F.3d 1176, 1183-86 (10th Cir.2007). Facts supporting each element of a prima facie case of retaliation must be alleged in a charge in order for a retaliation claim to be exhausted. *Id.* at 1186. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."

*MacKenzie v. City and County of Denver, CO.*, 414 F.3d 1266 (10th Cir.2005).

The second amended Title VII complaint Ms. Gallegos will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Gallegos is advised to identify each claim, such as discrimination on the basis of race or discrimination on the basis of sex, and then to provide supporting factual allegations that allow the Court and Defendant to understand what she is claiming in this action and to be able to respond to those claims. She also is directed to submit the notice-of-right-to-sue letter, if any, she received from the EEOC. The Court will not consider any claims raised in separate attachments, amendments, supplements,

motions, or other documents not included in the second amended Title VII Complaint.

Accordingly, it is

ORDERED that Plaintiff, Lisa L. Gallegos, file **within thirty (30) days** from the date of this order a second amended Title VII Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and other directives discussed in this order.  It is

FURTHER ORDERED that Ms. Gallegos shall obtain the appropriate Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second amended Title VII Complaint.  It is

FURTHER ORDERED that, if Ms. Gallegos fails within the time allowed to file a second amended Title VII Complaint that complies with this order to the Court's satisfaction, the amended Title VII Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 28th day of June, 2013.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge