IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01391-CMA-KLM

LISA L. GALLEGOS,

    Plaintiff,

v.

VEOLIA TRANSPORTATION,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Stay Proceedings** [#38][1] (the "Motion"). The Motion seeks a stay of the case to allow Plaintiff to pursue an additional charge she filed against Defendant with the Equal Employment Opportunity Commission on December 13, 2013. *Motion* [#38] at 2. The Motion states that Defendant opposes the relief requested, however, Defendant has not filed a response and its time to do so has elapsed. Accordingly, the Court will treat the Motion as unopposed.

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Ellis v. J.R.'s Country*

---

[1] "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

*Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Although a stay of proceedings in a case is generally disfavored in this District, a stay may be granted in appropriate circumstances. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis*, 2012 WL 6153513, at *1 (granting stay of proceedings).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, a stay would not prejudice Plaintiff, as Plaintiff is the party requesting

the stay. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay. With regard to the second factor, it appears Defendant will not be burdened by a stay because it does not oppose the Motion. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear what claims shall move forward. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#38] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the case is **STAYED** until further order of the Court.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 28, 2014 at 10:30 a.m. is **VACATED**.

IT IS FURTHER **RECOMMENDED** that the case be administratively closed subject to reopening by motion based on a showing of good cause. See D.C.COLO.LCivR 41.2.

Dated: January 23, 2014                           BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge